**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward Aloysius RZEWNICKI,**
**Defendant-Appellant.**

**No. 16-10131**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2017
San Francisco, California

Filed July 28, 2017

Shelley Kay-Glenn Clemens, Esquire, Assistant U.S. Attorney, USTU-Office of the US Attorney, Tucson, AZ, for Plaintiff-Appellee

Christopher Robert Kilburn, Kilburn Law Office, Tucson, AZ, for Defendant-Appellant

Before: GRABER and FRIEDLAND, Circuit Judges, and FOGEL,* District Judge.

**MEMORANDUM** **

Edward Rzewnicki appeals his conviction for being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He asserts that the district court erred in denying his motion to dismiss the indictment. The motion was based on his claim that he reasonably believed that the order discharging him from probation on the predicate felony conviction had restored his right to possess firearms, and that the indictment therefore violated the "anti-mousetrapping" rule of 18 U.S.C. § 921(a)(20).

Rzewnicki argued that he was a first offender as defined by Arizona law and thus was statutorily entitled to automatic restoration of his civil rights upon discharge from probation. Ariz. Rev. Stat. § 13-912(A). Rzewnicki's 2005 conviction involved three separate felony counts. Under controlling Arizona authority, the automatic restoration provision of Arizona Revised Statutes § 13-912(A) applies only to offenders who have been convicted of a single felony. *Rocking K Holdings, Ltd. v. Pima County*, 170 Ariz. 134, 822 P.2d 487, 489 (Ct. App. 1991). Accordingly, the district court correctly denied the motion to dismiss.

**AFFIRMED.**

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.